MICHAEL WINTER v. ABRAM L. SCHOENFELD.

Submitted March 19, 1909—Decided June 7, 1909.

In an action of *indebitatus assumpsit*, where the plaintiff relies only upon the common counts, the defendant cannot, by plea or notice of recoupment, claim damages sustained by reason of any cause of action arising out of the contract upon which the *indebitatus assumpsit* is rested. *Bozarth* v. *Dudley*, 15 *Vroom* 304, followed.

On demurrers to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiff, *William A. Lord.*

For the defendant, *William Hamilton Osborne.*

The opinion of the court was delivered by

SWAYZE, J. The declaration is in the ordinary form of the common counts in *assumpsit;* annexed is a bill of particulars stating that the action is brought to recover the amount due on a book account. The detailed statement of the items follows, showing a charge of $975 for rent from December 1st, 1907, to December 1st, 1908, inclusive, upon which $400 is credited, leaving a balance due on what is called the rent account of $575; a charge of $200 for the amount paid for license, with credits of $150, leaving $50 balance on the license account; a charge of $24 for beer from November 27th to December 4th, 1908, with a credit of $6, leaving a balance due of $18. Three pleas are interposed. The first is the ordinary plea of *non-assumpsit.* The second plea avers that the defendant, in August, 1907, bought a hotel and café business of the plaintiff, for which $2,000 was paid; that the plaintiff, before the purchase, represented that he held a ten years' lease of the hotel premises which had eight years to run; that the rep-

resentation was made for the purpose of inducing the defendant to purchase the business, and that the defendant made the purchase on the faith of the representations; that the representation was untrue, the fact being that the plaintiff's lease expired in the spring of 1909; that the defendant has only recently discovered the falsity of the representations, and that he thereupon rescinded the contract and tendered to the plaintiff a bill of sale of the goods and chattels, good will and business of the hotel; that the items set forth in and annexed to the declaration are for moneys claimed by the plaintiff under and pursuant to the agreement and transaction of purchase; that the consideration has completely failed. The third plea sets up in the form of a plea a right to recover damages by way of recoupment by reason of the deceit which is set forth substantially in the terms of the second plea. A separate demurrer is interposed to each plea. One of the causes of demurrer to the second plea is that the alleged misrepresentations could not defeat the plaintiff's right to maintain this action, and one of the causes of demurrer to the third plea is that the plea does not show a defect in or partial failure of the consideration of the contract sued on. The second and third pleas are directed apparently to the cause of action disclosed in the bill of particulars. This, however, is no part of the declaration. *Harrison* v. *Vreeland,* 9 *Vroom* 366; *Brown* v. *Warden,* 15 *Id.* 177.

The declaration counts upon an implied contract; it alleges an indebtedness from the defendant to the plaintiff and a promise in consideration thereof to pay the plaintiff the sums demanded. The case, therefore, does not raise the question, which counsel have supposed to be involved and to which their arguments have been directed, whether section 105 of the Practice act (*Pamph. L.* 1903, *p.* 568) authorizes the defendant to recoup damages for deceit upon a contract for sale. That section authorizes only the recoupment of damages which the defendant may have sustained by reason of any cause of action arising out of the contract or transaction which is the subject of the action. The contract which is the subject of the action in this case is not the contract of sale,

but an implied contract to pay an existing debt. The distinction has already been pointed out by this court in *Bozarth* v. *Dudley,* 15 *Vroom* 304 (at *p.* 313). The demurrers, therefore, are well taken, and the plaintiff is entitled to judgment upon the two pleas demurred to. The issue raised by the plea of *non-assumpsit* remains to be tried.

For the satisfaction of the defendant, it may be well to add that as near as we can guess from the statements of the bill of particulars, the amounts claimed are for rent accrued while the defendant was in the actual occupation of the premises, for a balance of cash paid for a liquor license by the plaintiff for the defendant, and for a balance due for beer actually delivered. These items seem to constitute a debt which would be a sufficient consideration for the promise set forth in the declaration. On the defendant's own showing of a rescission of the contract he was bound to restore the consideration which he had received, and a part of this consideration was the occupancy of the premises for the thirteen months in question and perhaps the amount of the license fee which the defendant would be bound to repay. The sale and delivery of the beer seems to have been an ordinary case of the purchase and sale of goods and chattels and occurred long after the original transaction. This sale itself would constitute a sufficient consideration to support the declaration.